IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TINO JOSEPH SAMORA,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:14-CR-411-TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Tino Joseph Samora's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the Motion without prejudice.

　　　　Defendant pleaded guilty to Possession of Methamphetamine with Intent to Distribute on March 26, 2015. On June 15, 2015, the Court sentenced him to 120 months' imprisonment to be followed by 96 months of supervised release. Defendant began his term of supervision on May 30, 2023. Defendant filed the instant Motion for Early Termination of Supervised Release on April 11, 2025.

　　　　In his Motion, Defendant states that he has complied with all the terms of his supervised release; made numerous efforts toward personal rehabilitation, including attending counseling sessions, anger management classes, and educational or vocational programs; and made significant efforts to give back to his community. He further stated his strong desire and commitment to become a productive and law-abiding citizen. Consultation with Defendant's

supervising officer confirms that Defendant has done well while on supervision and satisfied all conditions.

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that an additional period of supervision will be beneficial. The Court will consider another motion for early termination of supervised release from Defendant after Defendant has completed an additional year of supervision.

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 52) is DENIED without prejudice.

DATED this 27th day of May, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge